**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
CIVIL INTAKE
2005 NOV 17 AM 8:08
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

CRICKET TECHNOLOGIES, LLC,

    Complainant,

v.                                                                                                 Chancery No. _____

BRUCE V. HARTLEY                                                              CH 2005 5243
46227 Trillum Square, Apt. 103
Sterling, Virginia 20165,

and

DELOITTE & TOUCHE LLP

Serve:  John C. Jacoby, Registered Agent
         707 East Main Street
         Richmond, Virginia 23219,

    Defendants.

## BILL OF COMPLAINT

Complainant Cricket Technologies, LLC, for its bill of complaint, respectfully represents as follows:

    1.    Cricket Technologies, LLC ("Cricket") is a limited liability company organized and existing under the laws of the State of Delaware and having a place of business in Fairfax County, Virginia.

    2.    Defendant Bruce V. Hartley ("Hartley") is an individual who resides in Fairfax County, Virginia.

EXHIBIT 2

3. Defendant Deloitte & Touche LLP ("Deloitte") is a limited liability partnership organized and existing under the laws of the State of Delaware, qualified to do business in Virginia and having a place of business in Fairfax County, Virginia.

4. Venue is proper as to the claims set forth herein in Fairfax County, Virginia because of the residence of the parties and because the claims herein arose in Fairfax County, Virginia.

General Allegations

5. On or about July 23, 2004, Cricket as the employer and Hartley as the employee entered into a certain Employment Agreement ("Employment Agreement") under which Cricket agreed to employ Hartley, subject to the terms thereof.

6. Under the Employment Agreement, Hartley was employed as Cricket's chief technology officer and as such assumed a relationship of trust and confidence with Cricket.

7. During the course of his employment by Cricket, Hartley was provided access to Cricket's confidential and proprietary information, and pursuant to the Employment Agreement, Hartley acknowledged he was provided access to such confidential and proprietary information and agreed to not disclose such information to anyone.

8. During the course of Hartley's employment by Cricket and continuing to the present time, Cricket was engaged in the eDiscovery and Forensics litigation support business, specifically the business of providing to attorneys, their clients and their consultants professional services in the electronic collection and processing of electronic information during the discovery phase of litigation and services in connection with the

analysis and management of such data and databases. As Cricket's chief technology officer, Hartley had access to Cricket's confidential and proprietary information.

9. Under the Employment Agreement, Hartley agreed that during the period of his employment by Cricket, and for one year after the later of (i) the effective date of termination of the Employment Agreement, or (ii) the date of entry by a court of competent jurisdiction of a final judgment enforcing the non-competition covenant under the Employment Agreement, he would not compete with the business of Cricket in which he had been engaged during the period of his employment, participated in planning to engage in on behalf of Cricket, or about which he obtained confidential information of Cricket while employed by Cricket. Hartley further agreed, for the same period, that he would not assist a competitor of Cricket by providing consulting or other services to such competitor. These agreements are referred to herein as "the Covenants."

10. On or about September 14, 2005, Hartley resigned from his employment by Cricket and pursuant to the Employment Agreement, Hartley's employment by Cricket was accordingly terminated.

11. On an exact date not known to Cricket but not later than November 3, 2005, Hartley became employed by Deloitte. According to Deloitte, the following describes Hartley's employment by Deloitte:

> Building the e-Discovery Team
>
> Dr. Bruce Hartley recently joined us as a director in AFT based in the Washington D.C. office. Bruce has more than 24 years of technical and managerial experience in systems, software and security engineering. Most recently, he was the Chief Technology Officer at Cricket Technologies, a leading e-Discovery and Forensics firm. Bruce's expertise in technology and database solutions as well as his experience in marketing services to the legal community makes him an exceptional fit for the F&DS AFT practice.

Bruce will work with our current team on designing and implementing new technologies, improving our technology delivery associated with e-discovery, selling/managing projects and help manage/service the SE AFT resources.

12. According to Deloitte, its AFT business in which Hartley is employed provides a service that includes digital evidence collection in which electronic data is collected and electronic discovery in which its software sifts and analyzes records. This is the same business in which Cricket is engaged and in which Cricket was engaged during the period of Hartley's employment, and the same business in which Hartley was engaged regularly and directly as Cricket's chief technology officer.

13. Under the Employment Agreement, Hartley agreed to provide any entity that offered employment to him while the Covenants are in place a copy of the Employment Agreement. The Covenants are in place, and therefore Hartley either provided a copy of the Employment Agreement to Deloitte, or he breached the Employment Agreement in not providing a copy of the Employment Agreement to Deloitte.

14. The business of Deloitte in which Hartley is engaged is the same or similar to the business of Cricket, and Deloitte is rendering services in employing Hartley that are the same or similar to the services provided by Cricket while Hartley was employed by Cricket.

15. Deloitte is a competitor of Cricket under the terms of the Employment Agreement, and Hartley is assisting a competitor of Cricket by providing services to Deloitte.

16. Under the Employment Agreement, Hartley agreed that if he breached the Covenants that proscribe his competing with Cricket during the one year period after his

4

employment is terminated, Cricket would be harmed irreparably and Cricket would accordingly be entitled to temporary and permanent injunctive relief to restrain Hartley's violation of the Covenants, and to recover in any such action the cost of reasonable attorney's fees.

## Count I
### (Injunctive Relief)

17.  The allegations of paragraphs 1-16 are incorporated into this Count I by reference.

18.  Hartley's continuing employment by Deloitte constitutes a breach of the Covenants and therefore a breach of the Employment Agreement between Harley and Cricket.

19.  Cricket is being harmed by Hartley's breach of the Employment Agreement, and Cricket will continue to be harmed by such breach.

20.  Upon information and belief, Deloitte employed Hartley with knowledge of the terms of the Employment Agreement, and Deloitte's employment of Hartley is accordingly facilitating Hartley's breach of the Employment Agreement.

21.  Cricket is entitled to temporary and permanent injunctive relief to restrain Hartley's breach of the Employment Agreement, and Deloitte's facilitation of Hartley's breach of the Employment Agreement.

## Count II
### (Business Conspiracy)

22.  The allegations of paragraphs 1-21 are incorporated into this Count II by reference.

23. The claim in this Count II arises under the Virginia Business Conspiracy Statute, Va. Code §§ 18.2-499, 500.

24. Hartley and Deloitte have combined, associated and agreed together to willfully and maliciously injure Cricket in its trade or business by actively causing Hartley to breach the Covenants set forth in the Employment Agreement.

25. Cricket has been and will be injured in its trade or business by the unlawful combination and agreement of Hartley and Deloitte, in violation of Va. Code § 18.2-499, and Cricket is accordingly entitled to injunctive relief restraining such violation pursuant to Va. Code § 18.2-500.

26. Cricket is entitled to an award of its reasonable counsel fees in accordance with Va. Code § 18.2-500.

WHEREFORE, Cricket requests that the Court enter its decree as follows:

(a) Awarding to Cricket a temporary and a permanent injunction, restraining Hartley, for the later of (i) the period through September 14, 2006 or (ii) the date that is one year after this Court enters a final decree enforcing the non-competition covenant at issue in this cause, from being employed by Deloitte in violation of the Employment Agreement, and restraining Deloitte for the same period from employing Hartley in violation of the Employment Agreement, and in addition, awarding to Cricket the cost of its reasonable attorney's fees as provided in the Employment Agreement.

(b) Finding that Hartley and Deloitte have violated the Virginia Business Conspiracy Statute, and awarding to Cricket the same injunctive relief awarded under (a) above, together with the costs it has incurred herein, including its reasonable counsel fees.

  (c)  Granting to Cricket such other and further relief as is just and proper.

                Respectfully submitted,

Dated: November 17, 2005

                Michael McGettigan
                Va. Bar No. 13426
                Richards McGettigan Reilly & West, P.C.
                1725 Duke Street, Suite 600
                Alexandria, Virginia 22314
                (703) 549-5353
                Attorney for complainant